[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 12, 1995
The plaintiff has filed a motion to reargue its motion for summary judgment, attaching an affidavit which corrects an erroneous figure contained in a prior affidavit which accompanied the motion. Since the court's decision of November 2, 1994 was predicated upon an affidavit containing an error as to a material fact, the motion to reargue is granted but the judgment is reaffirmed for the reasons that follow.
The plaintiff correctly argued that it is the general rule that a mere extension of the maturity date of a mortgage without any increase in principal or interest does not upset lien priority. Connecticut National Bankv. Chapman, 153 Conn. 393 (1966). In this case, all that was done was to extend the maturity date by a total of 3 years, reduce the interest rate from 13.5% to 9.5% and reduce the monthly payments from $4,371.20 to $2,667.59.
The second mortgage holder, Ali, Inc., (hereinafter "Ali"), argues that it has been prejudiced by the reduction in monthly payments because less money will be allocated to reduction of principal, thereby causing the debt to be larger at the time of foreclosure than it would have been had the modifications not been made; and so, pro tanto, the plaintiff is asserting priority to a greater extent than it otherwise would have had. Ali claims to have been prejudiced because there is a possibility that (a) the defendant had enough resources to pay the debt on June 1, 1992, the original maturity date and (b) the value of the collateral was higher then than it is now. Ali has not filed an affidavit or any documentary proof in opposition to the motion. P.B. § 381. Ordinarily, such a failure would permit an inference that such conclusions are unwarranted.Batick v. Seymour, 186 Conn. 632, 645 (1982). However, this principle is inapplicable where the other party is the only person having knowledge of the particular facts involved. Id. at 616. While the value of the defendant's house is easily estimable from independent sources, the extent of his financial resources at the time of the modifications and extensions is not. The latter is provable only through discovery. Likewise, the extent of the allocation of the monthly payment CT Page 991 between principal and interest is likewise provable only through discovery. These are genuine, relevant material facts.
Each of these three conditions could easily have prejudiced Ali's rights as a lienholder. With respect to each it is a question of fact whether the modifications materially affected these rights. Gluskin v. AtlanticSavings and Loan Association, 32 Cal.App.3d 307,315 (1973). There is a genuine issue of material fact as to the nature and extent of prejudice suffered by Ali which cannot be resolved by summary judgment. The order of November 2, 1994 is reaffirmed.